UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO.: 3:25-CV-176

CARLOS TORRES MIRANDA,

    Plaintiff,

vs.

PROTEC POWDER COATING, L.L.C., AND
FRANK DEJESUS, III,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Carlos Torres Miranda, sues Defendants, ProTec Powder Coating, L.L.C., and Frank DeJesus, III, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Carlos Torres Miranda,** is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

1

5. **Defendant, ProTec Powder Coating, L.L.C.,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit business in Duval County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Frank DeJesus, III,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit residing in Duval County, Florida. Defendant, Frank DeJesus, III, ran its day-to-day operations, was responsible for all operational decisions, and was responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

2

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' powder coating business an enterprise covered under the Fair Labor Standards Act.

13. Defendants operated as an enterprise engaged in interstate commerce in marketing, cleaning, sandblasting, preparing, coating, selling, and services finished metallic and ceramic coated products that moved through interstate commerce.

14. Defendants prepared, cleaned, sandblasted, coated, baked, and powder-coated vehicle parts, marine parts, decorative metals, and functional metals that traveled in interstate commerce while regularly and routinely using machinery, equipment, coatings, paints, solvents, appliances, ovens, and materials that traveled through interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

15. Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, received, and sent funds to and from outside the State of Florida, used telephonic transmissions going outside the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce is believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

17. Defendants employed the Plaintiff to perform sandblasting from approximately June 5, 2023, through December 27, 2023.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of Defendants.

19. Plaintiff's work for Defendants was in or so closely related to the movement of commerce in working for Defendants that the Fair Labor Standards Act applied to his work for Defendants in the course of his sandblasting metal parts that arrived from outside of the state of Florida and/or which were subsequently sent to locations outside of the State of Florida.

20. Defendants paid Plaintiff $17.00/hour for each hour worked.

4

21. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Liability*

23. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate when he worked more than 40 hours in a workweek.

25. As a direct and proximate result of Defendants failure to pay Plaintiff overtime wages for each hour of overtime (or part thereof) he worked each week, he is entitled to recover from Defendants, jointly and severally, the overtime wages he earned but did not receive, an equal amount of liquidated damages, attorney's fees, and costs. 29 U.S.C. §216.

WHEREFORE Plaintiff, Carlos Torres Miranda, demands the entry of a judgment in his favor and against Defendants, ProTec Powder Coating, L.L.C., and Frank DeJesus, III, jointly and severally after trial by jury and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## DEMAND FOR JURY TRIAL

Plaintiff, Carlos Torres Miranda, demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of February 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave., Ste. 770
Coral Gables, FL 33146
Tel:　305.230.4884
*Counsel for Plaintiff*

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884　FAX 305.230.4844
*www.fairlawattorney.com*