UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CARLOS TORRES MIRANDA,                    CASE NO.: 3:25-CV-176-HES-LLL

     Plaintiff,

vs.

PROTEC POWDER COATING, L.L.C.,
AND FRANK DEJESUS, III,

     Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL JUDGMENT

Plaintiff, Carlos Torres Miranda, requests the Court to enter a Final Judgment in his favor and against the Defendant, ProTec Powder Coating, L.L.C., under Fed. R. Civ. P. 55(b)(2), 56(c), Local Rule 1.10(c), and the following good cause:

## I. INTRODUCTION

Mr. Torres Miranda requests that the Court enter a Final Judgment in his favor and against the Defendants. The Defendants, after having been served with process and the Default entered by the Clerk, have not appeared or attempted to defend against the allegations in the Complaint. Consequently, Mr. Torres Miranda is entitled to a Default Final Judgment. Based on the Affidavit of Indebtedness, and attached as Exhibit "A" hereto, he is entitled to recover liquidated damages on the overtime paid to him as a result of this lawsuit and is

entitled to recover his attorney's fees and costs as the prevailing party under 29 U.S.C. §216(b).

## II. PROCEDURAL HISTORY

1.      Mr. Torres Miranda filed this lawsuit against the Defendant, ProTec Powder Coating, L.L.C., and Frank DeJesus, III, on February 20, 2025 [DE 1].

2.      In the Complaint [DE 1], Mr. Torres Miranda alleged facts supporting his claim that the Defendants failed to timely pay him the overtime he earned, thereby violating the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §2067:

3.      Plaintiff served the Summons and Complaint on Defendant, ProTec Powder Coating, L.L.C., on March 4, 2025 [DE 9].

4.      Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Defendants were required to timely respond to the Summons and Complaint or request (and receive) an extension of time to respond.

5.      Defendant, ProTec Powder Coating, L.L.C., after having been served with the Summons and Complaint, took none of the required actions in a timely fashion, such that the Clerk of Courts issued a Default against it on March 31, 2025 [DE 14].

6.      The Court now properly enters a Final Judgment against the Defendant, ProTec Powder Coating, L.L.C., for failing to timely respond to the Complaint.

7.     Appended to this Motion as Exhibit "A" is a Declaration of Indebtedness by Mr. Torres Miranda.

8.     In Exhibit "A", Mr. Torres Miranda attests to the following facts:

a.  That he worked 41 hours from October 8-14, 2023, 42 hours from October 15-21, and 42 hours from November 4-20, 2023, for which the Defendants paid him at his regular ($17/hour) rate of pay;

b.  That Defendant owed him $42.50 in unpaid overtime wages for these five overtime hours, plus an equal amount of liquidated damages, so that the total amount of damages owed to him, the Plaintiff, equaled **$85.00**, exclusive of attorneys' fees and costs;

c.  That Defendants sent Mr. Torres Miranda Check No. 5508615541 for $42.50 on February 28, 2025, satisfying the overtime wages he earned in late 2023; and

d.  The defendants did not pay him liquidated damages for the overtime wages they failed to pay him in a timely manner.

9.     Mr. Torres Miranda seeks a final judgment for liquidated damages of $52.50 and entitlement to recover his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b)

10.    Mr. Torres Miranda is entitled to the entry of a judgment in his favor and against Defendant, ProTec Powder Coating, L.L.C., in accordance with the above and for the additional grounds identified in the Memorandum of Law below.

### III. MEMORANDUM OF LAW

**A.**  **Granting Default Final Judgment**

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009), the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.' " *Quoting Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *also citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Mr. Torres Miranda alleged facts in the Complaint that, as admitted pursuant to Defendants' default and failure to timely respond, establish that Defendants were subject to and violated the FLSA by failing to timely pay him the overtime wages earned. Paying Mr. Torres Miranda the overtime wages earned from 41 hours from October 8-14, 2023, 42 hours from October 15-21, and 42 hours from November 4-20, 2023, in a check for $42.50 sent on February 28, 2025, satisfied the overtime wages earned (but not paid) in 2023 but did not satisfy the requirement to pay him liquidated damages or the attorney's fees and costs to which he is entitled under the FLSA. *See* 29 U.S.C. §216(b).

To recover under the FLSA, Mr. Torres Miranda is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the

Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (*citing* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5).)

**B.    Granting Summary Judgment**

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is a legal element of the claim under applicable substantive law that might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646.

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The opposing party must present affirmative evidence to defeat a properly supported motion for summary judgment once that burden is met. *Anderson*, 477 U.S. at 252.

The nonmoving party "may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable

or not significantly probative, is not enough either. *Id.; see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot form basis for denying summary judgment); and *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

When the record could not lead a rational trier of fact to find for the non-movant, there is no genuine issue of fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## C.    Defendants Employed Plaintiff.

Mr. Torres Miranda alleged that the Defendants employed him. [D.E. 1 at ¶¶2, 7, 17, and 18.]

## B.    Enterprise Coverage Over Defendants Exists.

Mr. Torres Miranda must also demonstrate that he is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.' " *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir.2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Mr. Torres Miranda alleged that Defendants employed two or more employees, were engaged in interstate commerce, and had gross revenues exceeding $500,000 per year in their business, in which:

> 12.     Defendants regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' powder coating business an enterprise covered under the Fair Labor Standards Act.
>
> 13.     Defendants operated as an enterprise engaged in interstate commerce in marketing, cleaning, sandblasting, preparing, coating, selling, and services finished metallic and ceramic coated products that moved through interstate commerce.
>
> 14.     Defendants prepared, cleaned, sandblasted, coated, baked, and powder-coated vehicle parts, marine parts, decorative metals, and functional metals that traveled in interstate commerce while regularly and routinely using machinery, equipment, coatings, paints, solvents, appliances, ovens, and materials that traveled through interstate commerce.

[ECF No. 1 at ¶12-17]. Mr. Torres Miranda, therefore, sufficiently alleged a basis for the Court to find that Defendants are subject to FLSA enterprise coverage. *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008).

## C.     Regular Pay For Overtime Worked.

Defendants paid Mr. Torres Miranda $17 per hour for his work. Mr. Torres Miranda realized that although he worked 41 hours from October 8-14, 2023, 42 hours from October 15-21, and 42 hours from November 4-20, 2023, Defendants

paid him at his regular hourly rate and not time and one-half wages for these 5 overtime hours. [ECF No. 1; Exhibit "A"].

### D.    Plaintiff Is Entitled To Liquidated Damages.

The FLSA requires the doubling of an unpaid/underpaid overtime wage award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir.1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). The Defendants have not and cannot meet their burden to allow the Court discretion on whether to award liquidated damages by failing to defend this action; therefore, without any discretion, the Court must award liquidated damages to Mr. Torres Miranda in an amount equal to the overtime wages owed to him ($42.50). *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Plaintiff is entitled to recover $42.50 as liquidated damages from Defendant, ProTec Powder Coating, L.L.C. (Exhibit "A".)

## IV. CONCLUSION

For the reasons set forth above, Mr. Torres Miranda requests the Court to award the relief requested above, to determine that he is the prevailing party and entitled to his attorneys' fees and costs pursuant to 29 U.S.C. §216(b), and to reserve jurisdiction to determine the amount of those attorneys' fees and costs upon application by the Mt. Torres Miranda as to the amount.

Respectfully submitted this 4th day of June 2025.

s/ Brian H. Pollock, Esq. -
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*