UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS TORRES MIRANDA,

    Plaintiff,

v.                                           Case No. 3:25-cv-176-HES-LLL

PROTEC POWDER COATING, LLC,
and FRANK DEJESUS, III,

    Defendants.
_____/

## O R D E R

This matter is before this Court on "Plaintiff's Motion for Final Judgment" (Dkt. 15) and supporting documentation. Plaintiff asks this Court to enter default judgment against Defendant ProTec Power Coating, LLC[1] ("ProTec") under Federal Rules of Civil Procedure 55(b)(2) and 56(c), as well as Local Rule 1.10(c). No response was filed.

### I.

For approximately six months in 2023, Defendants ProTec Power Coating, LLC and Frank Dejesus, III employed Plaintiff as a "sandblaster" for their power coating business (Dkt. 1 ¶ 12-17). Plaintiff's hourly rate of pay was seventeen dollars (Dkt. 15-1 ¶ 5). Plaintiff acknowledges that "Defendants paid [him] overtime wages for most of the overtime hours [he] worked" but alleges

---

[1] Plaintiff does not move for default judgment against Defendant Frank DeJesus, III.

alleges Defendants erroneously paid him his regular hourly rate—rather than time and a half—for five hours of overtime: one hour in the week of October 8, 2023; two hours in the week of October 15, 2023; and two hours in the week of November 4, 2023 (*Id.* ¶ 7-9). Plaintiff alleged Defendants owed him $42.50 in unpaid overtime wages (*Id.* ¶ 9-10).

Originally, Plaintiff claimed Defendants were liable for overtime wage damages, liquidated damages, attorney's fees, costs, and expenses under the Fair Labor Standards Act ("FLSA") (Dkt. 1). But Plaintiff admits Defendant ProTec paid him $42.50 on February 28, 2025, thereby compensating him for unpaid overtime wages (Dkt. 15-1 ¶ 10). As such, Plaintiff now seeks liquidated damages in the amount of $42.50 and asks this Court to enter an order declaring Plaintiff's entitlement to attorneys' fees and costs (Dkt. 15).

Plaintiff served Defendant ProTec on March 4, 2025 (Dkt. 9). To date, Defendant ProTec has not answered the complaint or entered an appearance in this matter. Plaintiff timely moved for the Clerk's entry of default against Defendants (Dkt. 13), which was granted on March 31, 2025 (Dkt. 14).

Plaintiff now moves this Court for entry of final default judgment against Defendant ProTec (Dkt. 15). Plaintiff applied for default judgment on June 4, 2025, thirty days after the deadline by which to do so had passed. Loc. R. 1.10(c). When a party fails to comply with the deadline for applying for default

judgment, the court may dismiss the action without notice and without prejudice. Loc. R. 1.10(d). Because of the trivial amount in controversy in this lawsuit and this Court's desire to avoid the accumulation of additional attorneys' fees, this Court will not prolong this action by dismissing this action—although such a dismissal could be appropriate.

## II.

A district court may enter default judgment when a defendant fails to plead or otherwise defend an action. Fed. R. Civ. P. 55. The Eleventh Circuit has a strong policy of deciding cases on the merits and generally disfavors default judgments. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Courts deem that a defaulted defendant admits the plaintiff's "well-pleaded allegations of fact," but not conclusions of law or poorly pleaded facts. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Default judgment is only proper when the pleading provides a sufficient basis for the entered judgment, which is a standard akin to that for surviving a motion to dismiss for failure to state a claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("a default judgment cannot stand on a complaint that fails to state a claim."). To survive a motion to dismiss, the Supreme Court instructs that a complaint must contain enough

factual matter, assumed true, to suggest a right to relief. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### III.

The FLSA requires "that an employee who is engaged in interstate commerce must be paid a wage of time and a half his regular rate for each hour that he works in excess of forty hours per week." *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1281 (11th Cir. 2018) (citing 29 U.S.C. § 207(a)(1)).

To qualify for protection under the FLSA, an employee must demonstrate that he is "covered" through either "individual coverage" or "enterprise coverage." *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Here, Plaintiff claims enterprise coverage (Dkt. 1 ¶ 12). Enterprise coverage is when the employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Josendis*, 662 F.3d at 1298. Plaintiff alleges that Defendant ProTec's annual gross revenue "is believed to exceed $500,000.00" and that it employed two or more employees who "handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce" (Dkt. 1 ¶ 12, 16). Specifically, Plaintiff alleges that within his job, he "sandblast[ed] metal parts that arrived from outside the State of Florida and/or which were subsequently sent to locations outside the State of Florida" (*Id.* ¶ 19). This Court finds that

4

Plaintiff has alleged sufficient facts to render it plausible that he is protected by the FLSA through enterprise coverage.

An employer who does not pay an employee time and a half for all hours worked in excess of forty hours shall be liable for unpaid overtime, liquidated damages equal to the unpaid overtime, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b); *Gelber v. Akal Sec., Inc.*, 14 F.4th 1279, 1288 (11th Cir. 2021) ("Under the FLSA, liquidated damages are presumptively available."); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("fee awards [are] mandatory for prevailing plaintiffs"). Plaintiff provided a sworn affidavit asserting that Defendant ProTec paid him his regular hourly rate rather than time and a half for a total of five hours of overtime he worked in the weeks of October 8, October 15, and November 4, 2023. This Court accepts these factual allegations as true.

Plaintiff concedes that Defendant ProTec promptly compensated him for his unpaid overtime wages after receiving notice of Plaintiff's claims for the first time through this lawsuit. Yet, Defendant ProTec did not respond to the summons from this Court. This Court is sympathetic to Defendant ProTec's apparent attempt to avoid litigating an $83 lawsuit by compensating Plaintiff for all overtime hours Plaintiff alleged he worked. But although Defendant ProTec tendered Plaintiff's demanded overtime wages in full, it did not double

that amount to account for the liquidated damages mandated by the FLSA. So, Plaintiff's claims have not been mooted, and this Court has no discretion to dismiss Plaintiff's action. *Cf. Dionne v. Floormasters Enters.*, 667 F.3d 1199, 1201-03, 1205 (11th Cir. 2012) (when an FLSA defendant tenders payment in full for the plaintiff's alleged overtime wages and liquidated damages, the court properly dismissed the action rather than entering judgment in favor of the plaintiff).

Plaintiff has provided a sufficient basis for this Court to enter judgment in his favor. As such, he is entitled to liquidated damages equal to his unpaid overtime wages, reasonable attorneys' fees, and costs.

Accordingly, it is **ORDERED**:

1. "Plaintiff's Motion for Final Judgment" (Dkt. 15) is **GRANTED** as to Defendant ProTec Power Coating, LLC only;

2. The Clerk is directed to enter judgment, pursuant to Rule 55(b), in favor of the Plaintiff and against Defendant ProTec Power Coating, LLC;

3. Defendant ProTec Power Coating, LLC is liable to Plaintiff in the amount of $42.50, for which sum let execution issue; and

4. Plaintiff is directed to provide supplemental briefing, including affidavits and time sheets, on his request for reasonable attorney's fees and costs within fifteen days of this Order.

**DONE AND ENTERED** at Jacksonville, Florida, this ___6th___ day of August 2025.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Brian H Pollock, Esq.
Patrick Brooks LaRou, Esq.