UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CARLOS TORRES MIRANDA,

                    CASE NO.: 3:25-CV-176-HES-LLL

      Plaintiff,

vs.

PROTEC POWDER COATING, L.L.C.,
AND FRANK DEJESUS, III,

      Defendants.
_____/

## PLAINTIFF'S VERIFIED MOTION FOR
## AN AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiff, Carlos Torres Miranda ("Mr. Torres Miranda"), through his undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, Local Rule 7.01, 29 U.S.C. §216, and other applicable Rules and laws, requests that the Court enter an Order determining that he is the prevailing party in this action and entitled to recover attorneys' fees, costs, and expenses of litigation from Defendant, ProTec Powder Coating, L.L.C. ("ProTec"), based on the following good cause:

## I.    FACTUAL AND PROCEDURAL HISTORY

1.    Mr. Torres Miranda worked for ProTec, and after he suffered two work-related injuries (Dec. 12 and 26, 22023) while employed, for which he sought

the benefits afforded to him under the Florida Workers' Compensation Act, Chapter 440, Florida Statutes, ProTec terminated his employment. [*See* DE 7].

2.    ProTec produced documents (pay stubs) indicating that Mr. Torres Miranda worked more than 40 hours in several weeks for which he was not paid overtime wages. With Mr. Torres Miranda's permission, his workers' compensation counsel provided those documents to the undersigned.

3.    On February 20, 2025, Mr. Torres Miranda sued Defendants, ProTec and Frank DeJesus III, for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying him overtime wages for working more than 40 hours in several workweeks between June 5, 2023, and December 27, 2023. [DE 1].

4.    Mr. Torres Miranda served ProTec with the Summons and Complaint on March 1, 2025. [DE 4].

5.    Shortly after receipt of the Summons and Complaint, ProTec sent Mr. Torres Miranda a check (c/o his workers' compensation counsel) for $42.50 for the overtime wages owed (instead of sending it to the undersigned).

6.    The undersigned spoke with and exchanged emails with counsel who represented ProTec in the workers' compensation case, including to address an email received from ProTec's workers' compensation counsel about the scope of

the resolution reached in the workers' compensation case(s) and issues involved in this case.

7.    After confirming that Mr. Torres Miranda received the check for $42.50 for the overtime owed to him, the undersigned also attempted to resolve the issues of liquidated damages, attorney's fees, and costs with ProTec, but without success.

8.    ProTec's workers' compensation counsel advised the undersigned that she did not represent it for the case *sub judice*, and so the undersigned attempted to resolve the issues of liquidated damages, attorney's fees, and costs with ProTec (after Mr. DeJesus confirmed by email that his company was not represented for this matter), including by conveying an offer to Frank De Jesus, III, by email on April 28, 2025 (and following up with a second email on May 1, 2025), to which no response was received.

9.    After exhausting attempts to resolve this matter and to not unreasonably delay these proceedings, Mr. Torres Miranda obtained a default and then a final judgment for $42.50 in liquidated damages against ProTec. [DE 14, 17].

10.    Mr. Torres Miranda thus recovered from ProTec his unpaid/underpaid overtime wages and an equal amount of liquidated damages, representing a complete success on his FLSA overtime wage claim.

## II.    THE REASONABLE FEES AND COSTS

11.    Plaintiff seeks $8,899.13 in attorney's fees and $547.63 in costs, as referenced in Exhibits "A" and "B".

12.    The undersigned counsel's time and expense records in this case, reflect the time and costs reasonably expended in the prosecution of this case, and are attached as Exhibits "A" and "B" to this Motion.

13.    Exhibits "A" and "B" are contemporaneously made, and they are true and accurate copies of the records digitally made and kept in the ordinary course of business.

WHEREFORE Plaintiff, Carlos Torres Miranda, requests the Court to enter a Final Judgement for attorneys' fees and costs to be recovered from Defendant, ProTec Powder Coating L.L.C., pursuant to Fed. R. Civ. P. 55, 69, and 29 U.S.C. §216(b).

## III.    MEMORANDUM OF LAW

Undersigned counsel does not routinely file cases under the FLSA involving amounts similar to that sought herein, as reflected in the hundreds of FLSA cases he and his firm have litigated in the District Courts for the Southern and Middle Districts of Florida. Filing this case against ProTec was part of a coordinated litigation strategy that resulted in (a) the resolution of the two pending workers'

compensation cases (as reflected in the Motion for Approval filed in each workers' compensation case) and (b) the recovery of 100% of the overtime wages and liquidated damages sought.

### A. Mr. Torres Miranda Prevailed And Is Entitled To Recover His Attorney's Fees From ProTec Under 29 U.S.C. §216(b)

"A plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree." *Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); and *Hanrahan v. Hampton*, 446 U.S. 754, 756-57, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)). There is no doubt that Mr. Torres Miranda was the "prevailing party" and entitled to recover his attorney's fees from ProTec after receiving $42.50 for the overtime wages he earned and a judgment for $52.50 in liquidated damages. [DE 17]. He is entitled to recover his fees from ProTec under 29 U.S.C. §216(b).

### B. The Attorney's Fees To Be Awarded Must Not Be Reduced By Considering The Amount Of Overtime At Issue.

When dealing with a fee-shifting statute such as the FLSA, an award for reasonable attorney's fees cannot be based on the relationship between the amount of overtime wages at issue.

> Generally, a reasonable fee award under a fee-shifting statute is determined by use of the lodestar approach. *See Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931 (11th Cir. 2008); *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *Stone v. Nat'l Enter. Sys.*, No. 6:08-cv-1523-Orl-22GJK, 2009 U.S. Dist. LEXIS 95916, 2009 WL 3336073, at *2 (M.D. Fla. Oct. 15, 2009). As a result, a reasonable **fee** award under a **fee**-shifting statute like the FDCPA or the FCCPA is "not conditioned upon and need not [*5] be **proportionate** to an award of money damages." *See Brockman v. Mankin L. Grp., P.A.*, No. 8:20-cv-893-T-35JSS, 2021 U.S. Dist. LEXIS 45505, 2021 WL 913082, at *1 (M.D. Fla. Mar. 10, 2021) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 576, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

*Denning v. Mankin Law Grp., P.A.*, 2023 U.S. Dist. LEXIS 50371, at *4-5 (M.D. Fla. Feb. 15, 2023).

The Eleventh Circuit Court of Appeals has explicitly rejected the concept of awarding attorney's fees to a prevailing plaintiff in proportion to the wages recovered under the FLSA:

> Moreover, whatever intuitive appeal Lacura's **proportionality argument may have is undercut by** *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. § 1988. *Rivera*'s reasoning is arguably even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory. *Compare* FLSA, 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." (emphasis added) ); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("**Fee awards ... should not simply be proportionate to the results obtained by the Plaintiff.**"); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla.

Mar. 10, 2005) (noting that **it is not uncommon for fee requests to exceed the judgment in FLSA cases**). [*Emphasis added.*]

*P&k Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 851 (11th Cir. 2019)

Thus, Courts are to award fees to a prevailing FLSA plaintiff without a reduction to account for a relatively small recovery:

Krystal urges erasure of large swaths of the requested fees because they eclipse Lee's actual damages by a considerable margin. This disparity between Lee's lodestar fee amount ($22,577.50) and her recovered wages ($1,218.00) is substantial and undeniable, and may properly be considered in evaluating the reasonableness of the fee request. Nonetheless, there is no strict rule of proportionality between fees and damages. As the Eleventh Circuit opined in an analogous setting, 'Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases . . . to depend on obtaining substantial monetary relief. . . . A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.' *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1493 (11th Cir. 1994) (citations omitted). Here, the record reflects that Krystal engaged Lee in a war of attrition spanning more than a year from plaintiff's counsel's initial contact in June 2011 until Krystal's tender of a suitable offer of judgment in August 2012. Thus, to the extent that disproportionality exists, it is largely a function of defendant's own litigation practices. *See generally Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (declining to adjust lodestar amount downward where fees substantially exceeded claim amount, reasoning that defendant 'has only itself to blame for the disproportionality,' in that plaintiff offered reasonable settlement at outset of case but defendant refused, chose to litigate everything, and forced plaintiff's fees to climb, such that plaintiff should not 'be forced to swallow expenses incurred largely as [a] result of the [defendant]'s approach to this litigation')."

*Sanchez v. M&F, LLC*, 2020 U.S. Dist. LEXIS 144791, at *35-37 (M.D. Fla. June 17, 2020) (quoting *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1273-74 (S.D. Ala. 2013); and citing *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007)); *see also Rodriguez v. Molina Healthcare Inc.*, 806 Fed. Appx. 797 (11th Cir. 2020); and *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603–04 (2d Cir. 2020); *Moore v. Appliance Direct, Inc.*, 2013 WL 12336220, at *6, Fn. 2 (M.D. Fla. Oct. 22, 2013); *Lawrence v. Berkley Group, Inc.*, 2013 WL 12239477, at *2 (S.D. Fla. Feb. 20, 2013) (" the fee award is not to be simply proportionate to the results, particularly in FLSA cases where attorneys' fees often exceed recovery but there is a public policy concern in ensuring representation for even small claims.") (*citing Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379 at *12 (S.D. Fla. 2011).)

Other cases within the Eleventh Circuit support the finding that attorneys' fees in FLSA cases are not limited by or connected to the recovery by a plaintiff who recovers money. *See Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1226 (N.D. Fla. 2019) (awarding $49,696.88 in attorneys' fees on $84.14 in damages); and *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (awarding approximately $7,000 in fees on a $921.00 judgment).

While it is understandable that this Court would likely prefer to utilize its resources adjudicating more significant matters, this Court has jurisdiction over

FLSA cases – including those seeking overtime wages and liquidated damages for hours of documented overtime not properly paid – is required ("shall") to award a reasonable fee under 29 U.S.C. §216(b). *Compare* 29 C.F.R. § 785.47 (defining "de minimis" time as "uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities.") Accordingly, Mr. Torres Miranda is entitled to recover his attorney's fees and costs from ProTec for prevailing in his claim under the FLSA to recover overtime wages without a reduction based on his recovery of $42.50 in this case.

C.    **Mr. Torres Miranda Seeks The Entry Of A Judgment For Reasonable Attorney's Fees And Costs Against ProTec.**

In determining the attorney's fee to be awarded to Mr. Torres Miranda, the Eleventh Circuit Court of Appeals provided the guideposts in *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994):

> The starting point in fashioning an award of attorney's fees is to. Multiply the number of hours reasonably expended by a reasonably hourly rate. *Hensley v. Eckerhard,* 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* At 435-37; *Norman v. Houring Auth.,* 836 F.2d 1292, 1302 (11th Cir. 1988).

These elements will be addressed in order.

1.    Plaintiff's counsel expended a reasonable number of hours.

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all time reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87,91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours," such as "… work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.,* 847 F.2d 738 (11th Cir. 1998). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with the Court, opposing counsel, Mr. Torres Miranda's workers' compensation counsel, or Mr. Torres Miranda, even though these interactions involved compensable time that could have been billed. Counsel was careful not to unnecessarily duplicate efforts in achieving the results obtained or to engage in duplicate billing when two or more timekeepers coordinated on events in the case.

2.  <u>Plaintiff's hourly rate(s) for this type of litigation is reasonable.</u>

The initial estimate of a. reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a

reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886,895-96 n. 11 (1984)). Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum,* 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Duckworth v. Whisenant,* 97 F.3d 1393 *11th Cir. 1996); *Norman,* 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins,* 847 F.2d at 737, n.1. The Court should also analyze the organization's skills, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorney's fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum,* 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with his counsel for this case. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of

payment for the services rendered by the firm. The contingent fee agreement provides that all time spent by Mr. Pollock and the other attorneys in his firm should be compensated at a rate of $550.00/hour. The justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs.

In this case, Mr. Pollock and his firm efficiently recovered the overtime owed to Mr. Torres Miranda and a judgment for the liquidated damages owed to him. The following rates are sought for those who spent time in this case:

a. Brian H. Pollock, Esq. (Managing Partner)        $550/hour
b. Patrick Brooks LaRou, Esq. (Associate Attorney)  $325/hour
c. Katelyn Schickman, Esq. (Associate Attorney)     $275/hour
d. Steffany Sanguino (Florida certified paralegal)  $165/hour

In determining the hourly rates for those above-referenced timekeepers, the Court should consider an upward adjustment of the hourly rates due to account for the increased cost of living as reflected in the Consumer Price Index. *Wise v. O'Malley*, No. 3:23-cv-909-JRK, 2024 U.S. Dist. LEXIS 219989, at *3 (M.D. Fla. Dec. 5, 2024); *see also* https://data.bls.gov/cgi-bin/cpicalc.pl. Thus, to the extent the Court considers the hourly rates previously awarded to Plaintiff's counsel, it should consider the compounding effect of the increased cost of living since each order entered thereon.

Further and more specific justification for the rates requested and background about the timekeepers is as set forth below:

a. *Plaintiff's Lead Counsel – Brian H. Pollock, Esq.*

September 2025 will mark Mr. Pollock's 26th year of practicing law. From October 2005 to October 31, 2011, he served on The Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock most recently served as president of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

Mr. Pollock seeks an awarded rate of $500/hour, which recognizes the efficiencies an attorney with his experience creates and with which he can accomplish or delegate tasks involved in litigating cases involving the FLSA. Mr. Pollock has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999, and he has been admitted to the District Courts for the Middle and Northern Districts of Florida as well as the Eleventh Circuit Court of Appeals. Mr. Pollock has practiced civil litigation in the Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the State of Georgia. He is admitted to practice and routinely practices in the Middle District of Florida, the Northern District Court of Florida, and the Eleventh Circuit Court of Appeals. He has also been admitted to practice and has appeared in the United States Supreme Court. Mr. Pollock also

handles matters in arbitration, including with the American Arbitration Association and other arbitration managers.

Mr. Pollock has represented numerous people and businesses in the Florida state, federal, and appellate courts in individual cases and class/collective actions, and he continues to do so. Mr. Pollock was appointed as lead counsel to represent collective actions in *Peña vs. Handy Wash, Inc.,* S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.,* S.D Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.,* S.D. Fla. Case No.:15-CV-20542-KING, and in *Freese v. Treecycle Land Clearing Inc.,* S.D. Fla. Case No.: 17-CV-81169-REINHART, and *Collado vs. 450 North River Drive, LLC,* S.D. Fla. Case No.: 1-22-CV-20374. Mr. Pollock was also appointed as a class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon,* Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09) and for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.,* Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). From October 2005 to October 31, 2011, Mr. Pollock served on The Florida Bar Unlicensed Practice of Law Committee 11A and was its chairperson from May 2011 to October 31, 2011. From 2022 to 2023, Mr. Pollock

was the President of the Employment Law Section of the Miami-Dade County Bar Association.

Mr. Pollock was appointed as lead counsel for collective actions assembled under the FLSA in this Court in *Peña vs. Handy Wash, Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART, and most recently in *Collado v. 450 North River Drive, LLC*, S.D. Fla. Case No.: 22-cv-23074-BLOOM. Mr. Pollock was appointed as class counsel in several Florida state court class actions involving unpaid wages, including in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fish Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09), and in *Azor v. Direct Airlines Services, Inc.*, Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32).

Besides representing claimants in individual, collective, and multi-party wage lawsuits, Mr. Pollock and his firm regularly represent individuals, businesses, employers, and defendants in Florida state and federal courts, arbitration proceedings, and administrative investigations. Mr. Pollock's customary rate, paid by employers and defense, has been $500.00 per hour,

secured by a retainer that typically includes both non-refundable and refundable amounts. This case, in contrast, provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered to Plaintiff based on the nature of the representation agreement with Plaintiff. Herein, Plaintiff signed a contingency agreement with FairLaw Firm, wherein he agreed that all time spent by Mr. Pollock and the other attorneys in his firm would be compensated at a rate of $600.00/hour, and the recovery of attorney's fees by FairLaw Firm would be contingent upon the outcome of the case.

Courts have routinely found Mr. Pollock's reasonable hourly rate to be $500 per hour, including when approving the settlement in *Maracallo vs. Cusano Air Conditioning & Heating, Inc.*, S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024 ("The Undersigned finds that Claimant's lead counsel's hourly rate of $500.00, for an attorney practicing law for approximately 25 years, to be reasonable.")[1] In fact, Mr. Pollock's rate of $500 per hour was approved nearly seven years ago in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018, at ECF No. 17.

---

[1] Magistrate Judge Goodman approved "...(2) Attorney P. Brooks LaRou, with an hourly rate of $325.00, practicing law for approximately two years; and (3) Paralegal Steffany Sanguino, with an hourly rate of $165.00, practicing as a paralegal for approximately ten years." *Id*.

b.    *Plaintiff's (former) Associate Attorney – Patrick Brooks*

   *LaRou, Esq.*

Patrick Brooks LaRou worked as an associate attorney at FairLaw Firm u under the direction of Mr. Pollock. Mr. LaRou graduated from Virginia Commonwealth University in 2017. Then he obtained his Juris Doctorate from the St. Thomas University Benjamin L. Crump School of Law in May 2022, cum laude, with a concentration in Intercultural Human Rights. He served as staff editor for the St. Thomas University Benjamin L. Crump School of Law's Intercultural Human Rights Law Review. While at St. Thomas, Mr. LaRou was recognized for his dedication to public service, receiving a pro bono commendation for his volunteer work as a legislative assistant to the Miami-Dade Board of County Commissioners, during which he devoted over 200 pro bono hours to serving the County.

September 2025 will mark Mr. LaRou's 3-year anniversary as an attorney. Besides being licensed to practice law in Florida, Mr. LaRou has been admitted and routinely practices in the District Courts for the Southern and Middle Districts of Florida. Mr. LaRou has mainly practiced labor and employment law as an attorney, most often representing employees in employment disputes while occasionally representing employers in employment disputes. Mr. LaRou has

significant experience representing individuals to recover unpaid wages in the Florida state and federal courts. Mr. LaRou is an effective and efficient attorney with trial experience. Considering the foregoing, the appropriate rate for Mr. LaRou's experience is $325.00 per hour. (*See Maracallo vs. Cusano Air Conditioning & Heating, Inc.*, S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37.

       c.    *Plaintiff's (current) Associate Attorney – Katelyn Schickman, Esq.*

Katelyn Schickman, Esq., has been an associate attorney at FairLaw Firm since May 2025. Ms. Schickman graduated from Florida International University in 2021 and earned her Juris Doctor, with a Certificate in Business Law, from St. Thomas University College of Law in December 2024. She was recognized for her dedication to public service at St. Thomas University School of Law by receiving a pro bono commendation for her volunteer work at the Florida Legal Immigration Coalition and for coaching youth sports at the Suniland Sundevils. Ms. Schickman was an active member of the St. Thomas University College of Law Trial Team while managing several internships. She interned with the Human Trafficking Front, working on advocacy and legal support for survivors, and at the U.S. All-Star Federation, gaining experience with personnel, employment, and compliance

issues involving athletes and coaches in competitive sports. "Courts in the Middle District routinely find hourly rates between $250 and $375 reasonable for associate-level attorneys in FLSA cases." *Egan v. Afford. Mechs. of Am., Inc.*, 2024 U.S. Dist. LEXIS 5998, at *9 (M.D. Fla. Jan. 11, 2024). An appropriate hourly rate for Ms. Schickman is $275, considering the range of awards. *See Mays v. Downtown Hosp'y Grp. of Fla., LLC*, 2024 U.S. Dist. LEXIS 6002, at *10 (M.D. Fla. Jan. 10, 2024) (discussing basis for award and noting that, "I recently found $300 to be a reasonable hourly rate for a new member of the Florida bar practicing in this locality.") (citing *Ramirez v. R & J Painting Solutions Corp.*, No. 23-cv-631 (M.D. Fla. Nov. 21, 2023), Doc. 34.)

     d.   *Plaintiff's Paralegal – Steffany Sanguino*

Steffany Sanguino earned an Associate's Degree in Business from Miami-Dade College and a Bachelor of Applied Science in Supervision and Management from Miami Dade College with a concentration in Human Resource Management. She also earned her Paralegal Certificate from Ashworth College. She is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino has been with FairLaw Firm since August 2022, focusing on wage and employment cases. Since August 2022, her *hourly rate charged and paid* by clients has been $165.

3.  Lodestar Adjustment

Plaintiff does not request the Court to make any upward or downward adjustments in the fees to be awarded.

4.  Attorney's Fees

By this motion and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for his counsel of **$ 8,351.50** as follows:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Brian H. Pollock | $500 | 11.3 | $5,650.00 |
| P. Brook LaRou | $325 | 0.9 | $292.50 |
| Katelyn Schickman | $275 | 4.3 | $1,237.50 |
| Steffany Sanguino | $165 | 7.1 | $1,171.50 |
|  |  |  | $8,351.50 |

(Exhibit "A"). [2]

Plaintiff further requests that this Court consider awarding the additional attorneys' fees that will continue to be incurred in litigating the amount of attorneys' fees. *See, e.g., Thompson v. Pharmacy Corp. of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (*discussing the* propriety of awarding "fees for litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication,*

---

[2]      Exhibit "A" does not include any future time to be expended litigating this Motion, any Response filed by Defendants, or any Reply thereto.

*LLC,* 237 Fed. Appx. 543,550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and *Brown Jordan Int'l, Inc. v. Carmicle,* 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

5.    <u>Costs of Litigation:</u>

The Plaintiff incurred **<u>$547.63</u>** in costs in prosecuting this action:

| | |
|---|---|
| Filing Fee: | $405.00 |
| Service of Process: | $140.00 |
| Postage: | $2.63 |

(Exhibit "B").

## IV.    <u>CONCLUSION</u>

In light of the foregoing, the Plaintiff requests the Court to award <u>$ 8,351.50</u> in attorney's fees, <u>$ 547.63</u> in taxable costs, for a total attorney's fee and cost award of **<u>$ 8,899.13</u>**, and to award such other and further relief as the Court deems just and proper.

## <u>VERIFICATION</u>

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
FAIRLAW FIRM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by filing in the U.S. District Court's CM/ECF System on this 20th day of August 2025, and via email and U.S. Mail to the Defendant, ProTec Powder Coating, L.L.C., at protecpowdercoating@yahoo.com    admin@protecpowdercoating.com 6429 Sierra Drive, Jacksonville, FL 32244 (the address where process was served in this action).

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
 Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

# EXHIBIT

## "A"

# EXHIBIT "A"



# FairLaw Firm

**Open (Not Sent)**

**INVOICE**

**Invoice #** 748

**Invoice Date:** 8/20/2025

**FairLaw Firm**
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Phone: +13052304884
Email: intake@fairlawattorney.com
Website: https://fairlawattorney.com/

**To:**
Carlos Torres Miranda



| | | Amount due |
|---|---|---|
| Brian H. Pollock | $500/hour | 8,899.13 |
| P. Brook LaRou | $325/hour | |
| Katelyn Schickman | $275/hour | |
| Steffany Sanguino | $165/hour | |

## Services

| Date | Staff Member | Category | Description | Duration | Total |
|---|---|---|---|---|---|
| 2/18/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Review materials provided by W/C counsel to determine whether Mr. Torres Miranda has a viable OT claim by analyzing the wages they indicated as having paid him; then, conduct further review to obtain additional information for use in FLSA case/claim | 1.00 | 500.00 |
| 2/20/2025 | Brian H. Pollock Esq. | Draft/revise | Draft Letter to Client re: necessity of preserving evidence and what can happen if he does not (in English and in Spanish) | 0.40 | 200.00 |
| 2/20/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Draft Complaint for OT wages owed | 0.80 | 400.00 |
| 2/20/2025 | Brian H. Pollock Esq. | Draft/revise | Conduct online research to locate address for individual Defendant and then draft Summonses (x2) and Civil Coversheet for filing | 0.20 | 100.00 |
| 2/20/2025 | Brian H. Pollock Esq. | Draft/revise | Draft Notice of Designation of Lead Counsel | 0.20 | 100.00 |
| 2/21/2025 | Steffany Sanguino | Paralegal | The summons and complaint have been issued to KD services for service to the Defendant. | 0.20 | 33.00 |
| 2/21/2025 | Brooks LaRou Esq. | Draft/revise | Drafted the NOA (Brooks) | 0.20 | 65.00 |
| 2/24/2025 | Steffany Sanguino | Paralegal | Drafted and sent an email to our client requesting a list of potential witnesses for the case. The email included specific instructions on the types of witnesses needed | 0.20 | 33.00 |
| 2/24/2025 | Brian H. Pollock Esq. | Teleconference with | Receive call from Karen Austin at ProTec acknowledging that Mr. Torres Miranda was not paid the OT he earned and threatening to pursue a counterclaim and complaining he is attempting to "ruin a small business"; draft memo to file to memorialize same | 0.20 | 100.00 |
| 2/24/2025 | Brian H. Pollock Esq. | Receipt, Review, and Analysis | Receipt and review Notice of Local Rule 3.02(a)(2) and its requirements | 0.10 | 50.00 |
| 2/27/2025 | Steffany Sanguino | Paralegal | I reviewed the paystubs received from OC and compared them with the client's bank statements reflecting his deposits. Although we are missing paystubs for the beginning of the year, I was able to find discrepancies | 1.00 | 165.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | | with the dates and overtime hours. The client was not paid for his overtime hours for the following period dates: 10/14/23, 10/21/23, and 11/4/23. He was also being deducted from every paycheck for advances he was receiving. Conferral with BP about this matter, pending the receipt of the rest of the pay records. | | |
| 2/27/2025 | Steffany Sanguino | Paralegal | I called the client to confirm that the cash and regular check deposits on his bank statements were not related to payments from Protect. In addition, the client confirmed that the deductions from advances he was getting taken out from his paychecks were from a loan he received from Protec. | 0.30 | 49.50 |
| 2/27/2025 | Steffany Sanguino | Paralegal | The client confirmed he didn't finish paying for the loan Protec granted him. He says when he got fired they told him he didnt have to finish paying it. He cannot recall the total amount or how much he still owed them. | 0.20 | 33.00 |
| 2/27/2025 | Brian H. Pollock Esq. | Draft/revise | Draft Notice of Pendency of Other/Related Action | 0.30 | 150.00 |
| 3/3/2025 | Steffany Sanguino | Paralegal | NOF has been drafted for Frank Dejesus service. | 0.30 | 49.50 |
| 3/3/2025 | Steffany Sanguino | Paralegal | Drafted and sent an email to our client following up with our request of a list of potential witnesses for the case. | 0.20 | 33.00 |
| 3/3/2025 | Brooks LaRou Esq. | Receipt, Review, and Analysis | Receipt and review of Return of Service for Defendant Frank DeJesus. | 0.10 | 32.50 |
| 3/5/2025 | Steffany Sanguino | Paralegal | Receipt of service update on Protect, Attempted service at: 6662 Columbia Park Dr. S. Ste 2, Jax, FL. 32258. The RA was not in and he is the only person on sunbiz and annual report to serve. Manager called him and he will be in tomorrow at 9am. Must call first, because he is really sick and may not make it in. | 0.10 | 16.50 |
| 3/5/2025 | Steffany Sanguino | Paralegal | I called and emailed the client to f.u with documents and his witness information. I sent him an email following up on our conversation. | 0.30 | 49.50 |
| 3/7/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client, following up with his witnesses. In addition, I drafted an email following up on our requests. | 0.30 | 49.50 |
| 3/7/2025 | Steffany Sanguino | Paralegal | I drafted an email requesting an update from the process server regarding service on Protec. | 0.20 | 33.00 |
| 3/7/2025 | Steffany Sanguino | Paralegal | After discussing with our client and gathering information about the witnesses who may provide valuable information to the case, we gathered information from Karen and Frank de Jesus. The client will try to remember the rest of his co-workers and get back to us. | 0.40 | 66.00 |
| 3/7/2025 | Steffany Sanguino | Paralegal | I had a conversation with the client regarding documents to help his case, The client said he would try to check his records to see if he has anything else to provide us with and get back to us. | 0.20 | 33.00 |
| 3/7/2025 | Steffany Sanguino | Service of Process | Receipt of Return of Service on Protect and then draft Notice of Filing same | 0.40 | 66.00 |
| 3/13/2025 | Steffany Sanguino | Paralegal | I had a conversation with the client regarding potential witnesses for the case. We gathered information from Jeff, Antonio, and Bill. I reminded the client about the | 0.40 | 66.00 |

| | | | documents to help the case; he said he would check his records and let us know. | | |
|---|---|---|---|---|---|
| 3/13/2025 | Steffany Sanguino | Paralegal | I had a conversation with the client regarding the potential documents to help the case. The client said he would look through his records and let us know. | 0.20 | 33.00 |
| 3/18/2025 | Steffany Sanguino | Paralegal | Preparation overview for our Rule 26 disclosures, including reviewing all relevant case-related documents, photo analysis, witness evaluation, and information compilation. | 0.60 | 99.00 |
| 3/24/2025 | Steffany Sanguino | Paralegal | I called the client to confirm if he was able to find any other documents he thought would help with the case, but the client confirmed he provided us with everything. | 0.20 | 33.00 |
| 3/24/2025 | Brian H. Pollock Esq. | Draft/revise | Draft M/Clerk's Default and proposed Default by Clerk against ProTec Powder Coating | 0.50 | 250.00 |
| 3/24/2025 | Brian H. Pollock Esq. | Draft/revise | Draft Certificate of Interested Parties | 0.30 | 150.00 |
| 3/24/2025 | Brooks LaRou Esq. | Draft/revise | Draft letter to defendant enclosing motion for clerk's default | 0.30 | 97.50 |
| 3/26/2025 | Brooks LaRou Esq. | Receipt, Review, and Analysis | Receipt and review of Court's Order denying Plaintiff's Motion for Default against ProTec. | 0.10 | 32.50 |
| 3/26/2025 | Brooks LaRou Esq. | Unassigned | Conferral with Steffany Sanguino regarding filing Amended Motion for Default against ProTec, and Motion for Default against Frank DeJesus. | 0.10 | 32.50 |
| 3/31/2025 | Brooks LaRou Esq. | Receipt, Review, and Analysis | Receipt and review of Clerk's Default against ProTec and Frank DeJesus. | 0.10 | 32.50 |
| 3/31/2025 | Brian H. Pollock Esq. | Draft/revise | Draft letter to Defendants encl. the clerk's default | 0.30 | 150.00 |
| 4/10/2025 | Steffany Sanguino | Paralegal | I received a call from Jenine from W/c. I returned her call. but she was not available. I left a message. | 0.10 | 16.50 |
| 4/11/2025 | Steffany Sanguino | Paralegal | I tried calling Jeannine from W/c to f/u with their records, but Jeannine was not available. The receptionist took a message with my direct line number; I also asked for Leslie, but she was out to lunch. | 0.20 | 33.00 |
| 4/22/2025 | Steffany Sanguino | Paralegal | I called the client to try an obtain a copy of the check he received regarding payment for his OT hours. The client confirmed the checks he received were regular checks, the checks never specified if they were paying him OT hours or how many hours. He was never given a pay stub with information. | 0.20 | 33.00 |
| 4/22/2025 | Steffany Sanguino | Paralegal | I called the client again regarding the check he should have received for the OT hours. I explained to the client that he should have received the check sometime this year. He confirmed he did receive a check for the amount of $42.50 but from w/c not the defendant. I asked the client to go to the bank and request a copy of the check. | 0.20 | 33.00 |
| 4/23/2025 | Brian H. Pollock Esq. | Draft/revise | Draft email to ProTec requesting add'l info to provide a demand as requested | 0.30 | 150.00 |

| Date | Name | Category | Description | Hours | Amount |
|------|------|----------|-------------|-------|--------|
| 4/25/2025 | Steffany Sanguino | Paralegal | I called the client to address the information we received from ProTec re: its payment of a check for $42.50 to him | 0.20 | 33.00 |
| 4/28/2025 | Steffany Sanguino | Paralegal | Reipt and review of the copy of the check issued by ProTec for $42.50 and confirm with client that he received the check and the money | 0.10 | 16.50 |
| 4/28/2025 | Brian H. Pollock Esq. | Draft/revise | Draft email to Mr. DeJesus with our demand and review materials in file to calculate same | 0.40 | 200.00 |
| 5/21/2025 | Brian H. Pollock Esq. | Draft/revise | Draft letter to client re: PBL's departure from the firm as an associate attorney. | 0.20 | 100.00 |
| 6/3/2025 | Steffany Sanguino | Paralegal | Finalize and then notarize the client's Declaration of Indebtedness | 0.20 | 33.00 |
| 6/3/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Draft proposed Declaration of Indebtedness for Mr. Torres Miranda and review of file in preparation for it | 0.70 | 350.00 |
| 6/4/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Draft Motion for Final Judgment (Following default by Defendant) | 1.10 | 550.00 |
| 7/25/2025 | Steffany Sanguino | Paralegal | Discuss case status with the client and inform him of the pending motion and awaiting the Court's decision on it | 0.20 | 33.00 |
| 8/6/2025 | Brian H. Pollock Esq. | Receipt, Review, and Analysis | Receipt and review of Order Granting Default Final Judgment for Plaintiff | 0.40 | 200.00 |
| 8/7/2025 | Brian H. Pollock Esq. | Receipt, Review, and Analysis | Receipt and review of the Final Judgment entered by Clerk (did not include the amount of the judgment entered) | 0.10 | 50.00 |
| 8/14/2025 | Katie Schickman | Draft/revise | Conduct initial research, review file and history of it, and then draft motion for attorney's fees and costs | 4.50 | 1,237.50 |
| 8/20/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Conduct updated legal research to address the issue of proportionality based on the relatively small recovery (and amount at issue) and to revise the proposed draft to address the experience of the timekeepers and then review the time entries prior to submission. | 3.30 | 1,650.00 |
| 8/20/2025 | Brian H. Pollock Esq. | FLSA - Plaintiff | Draft Motion to Compel Fact Information Sheet and the proposed Fact Information Sheet to ProTec | 0.50 | 250.00 |

**Services Subtotal:8,351.50**

## Expenses

| Date | Vendor | Category | Description | Total |
|------|--------|----------|-------------|-------|
| 2/20/2025 | FairLaw Firm | Filing Fee - Federal Court | | 405.00 |
| 3/3/2025 | FairLaw Firm | Service of Process | Receipt of return of service on Frank Dejesus. | 75.00 |
| 3/7/2025 | FairLaw Firm | Service of Process | Receipt of return of service on Protec. | 65.00 |
| 3/24/2025 | FairLaw Firm | Postage | Motion For Clerk's Default | 0.69 |
| 3/31/2025 | FairLaw Firm | Postage | | 0.69 |
| 6/4/2025 | FairLaw Firm | Postage | Letter to Protec and Frank | 1.25 |

**Expenses Subtotal:547.63**

**Notes:**

Please make all amounts payable to FairLaw Firm. Tax ID
No.: 20-1722656.

Payment is due upon receipt.

Although you can pay by credit card or e-check, payment by





**Total:8,899.13**

# EXHIBIT

# "B"

# EXHIBIT "B"

KD PROCESS
2957 CAPITAL PARK DRIVE
SUITE # 7
TALLAHASSEE, FL 32301
Phone: (850) 727-4363

**INVOICE**

Invoice #KDY-2025007224
3/3/2025



FAIRLAW FIRM
135 SAN LORENZO AVE.
SUITE 770
CORAL GABLES, FL 33146

**Case Number: MIDDLE 3:25-CV-176-HES-LLL**

Plaintiff:
**CARLOS TORRES MIRANDA**

Defendant:
**PROTEC POWDER COATING, LLC, AND FRANK DEJESUS, III,**

Received: 2/21/2025    Served: 3/1/2025 11:55 am  .INDIVIDUAL/PERSONAL
To be served on: FRANK DEJESUS III

**ITEMIZED LISTING**

| Line Item | Quantity | Price | Amount |
|-----------|---------:|------:|-------:|
| Service Fee | 1.00 | 75.00 | 75.00 |
| TOTAL CHARGED: | | | $75.00 |

**BALANCE DUE:**                                                                                       **$75.00**

Please enclose a copy of this invoice with your payment.

Payments can be made by visiting https://kdy.sopstatus.com.

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

KD PROCESS
2957 CAPITAL PARK DRIVE
SUITE # 7
TALLAHASSEE, FL 32301
Phone: (850) 727-4363

# INVOICE

Invoice #KDY-2025007223
3/7/2025



FAIRLAW FIRM
135 SAN LORENZO AVE.
SUITE 770
CORAL GABLES, FL 33146

**Case Number: MIDDLE 3:25-CV-176-HES-LLL**

Plaintiff:
**CARLOS TORRES MIRANDA**

Defendant:
**PROTEC POWDER COATING, LLC, AND FRANK DEJESUS, III,**

Received: 2/21/2025   Served: 3/4/2025 9:25 am  .CORPORATE
To be served on: Protec Powder Coating, L.L.C., C/O Frank Dejesus, III, Registered Agent

**ITEMIZED LISTING**

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee | 1.00 | 65.00 | 65.00 |
| TOTAL CHARGED: | | | $65.00 |

**BALANCE DUE:** **$65.00**

Please enclose a copy of this invoice with your payment.

Payments can be made by visiting https://kdy.sopstatus.com.

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b