UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS TORRES MIRANDA,

      Plaintiff,

v.                               Case No. 3:25-cv-176-HES-LLL

PROTEC POWDER COATING, LLC,
and FRANK DEJESUS, III,

      Defendants.

_____/

## O R D E R

This matter is before this Court on "Plaintiff's Verified Motion for an Award of Attorney's Fees and Costs" (Dkt. 19). No response has been filed.

### I.

For approximately six months in 2023, Defendants employed Plaintiff as a "sandblaster" for their power coating business and paid him $17 per hour (Dkt. 1 ¶ 5, 12-17). Plaintiff's Complaint alleged Defendants violated the Fair Labor Standards Act ("FLSA") by compensating him at his regular hourly rate, instead of an overtime premium, for five hours of overtime work, resulting in $42.50 in unpaid wages (*Id.* ¶ 7-10).

Plaintiff acknowledges that, upon receipt of the Complaint, Defendant ProTec promptly paid him $42.50, thereby compensating him for unpaid overtime wages (Dkts. 15-1 ¶ 10, 19 ¶ 5). While this Court has noted its

sympathies for Defendant ProTec's apparent attempt to resolve Plaintiff's claims by tendering the unpaid overtime wages, that payment did not moot the action because it did not include an additional $42.50 in liquidated damages. *See Dionne v. Floormasters Enters.*, 667 F.3d 1199, 1201-03, 1205 (11th Cir. 2012). Because Defendant ProTec did not answer the complaint or enter an appearance, this Court entered default judgment against it in the amount of $42.50 in liquidated damages (Dkt. 16). Plaintiff now seeks $9,446.76 in fees and costs.

## II.

Although an award of attorney's fees and costs is mandatory under the FLSA, the amount awarded *must* be reasonable. *Wales v. Jack M. Berry*, 192 F. Supp. 2d 1313, 1316 (11th Cir. 2001) (citing 29 U.S.C. 216(b)). The Eleventh Circuit has recognized that, despite this entitlement, sometimes "a reasonable fee may be no fee at all." *Batista v. S. Fla. Womans Health Assocs.*, 844 F. App'x 146, 157 (11th Cir. 2021) (citing *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009)).

In *Batista*, the Eleventh Circuit described a problematic yet recurring fact pattern in some FLSA actions:

> an employee leaves her job—often abruptly—with a small amount of money owed for unpaid wages. Instead of thereafter contacting her employer to alert the latter that she has not yet received payment of any unpaid wages, the employee hires a lawyer. Then,

2

instead of contacting the employer to quickly resolve the matter—or directing the former employee to first do so—the attorney files an FLSA federal lawsuit: a lawsuit whose $400 filing fee, alone, will often exceed the money owed to the employee. Once aware of litigation, the employer then immediately tries to rectify the situation by getting to the employee her last check. But instead of a speedy resolution, the litigation drags on because the employee's attorney insists on attorney's fees in an excessive amount that the employer rejects. The employer's rejection results in continuing emails and communications back and forth, meaning that as long as plaintiff's counsel can keep this give-and-take going, his attorney's fees continue to rise, which then further discourages a settlement. And so it goes.

*Id.* at 153.

This case bears some resemblance to that pattern. There is nothing in the present record showing that Plaintiff or counsel contacted Defendants before filing suit to alert them to the alleged unpaid wages, although this Court recognizes the FLSA does not contain a pre-suit notice requirement. The filing fee alone was nearly ten times the amount of unpaid wages Plaintiff alleged. And once Defendant ProTec became aware of the claim, it promptly sent Plaintiff a check for $42.50, which Plaintiff cashed. After that payment, Plaintiff's counsel states that he attempted to resolve liquidated damages, attorney's fees, and costs by sending two emails to Defendant ProTec (Dkt. 19 ¶ 7). Counsel characterizes those emails as "exhausting attempts to resolve this matter" (*Id.* ¶ 9). But counsel did not attach the emails, Defendant ProTec did not appear, and the record does not permit this Court to determine whether

3

the ensuing litigation resulted from an unreasonable refusal to resolve the matter or from some other circumstance, including the possibility of a disagreement regarding the reasonableness of attorney's fees.

Accordingly, while this Court recognizes some of the features identified in *Batista*, the present record is insufficient to support a finding that a reasonable attorney's fee here is no fee at all. That does not end the inquiry, however. In assessing the reasonableness of the requested fee, this Court may still consider the small amount of unpaid wages, the straightforward nature of the claim, the minimal work required, and Defendant ProTec's prompt payment of the unpaid overtime wages after receiving the Complaint. *Johnson v. S. Fla. Paving Grp., LLC*, Case No. 16-cv-62689, 2020 U.S. Dist. LEXIS 157628, *16 (S.D. Fla. Aug. 31, 2020), cited with approval in *Batista*, 844 F. App'x at 156. As the Eleventh Circuit observed in *Batista*, "an entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction." 844 F. App'x at 153 (quoting *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003)).

## III.

Having concluded that this is not an appropriate case to award zero attorney's fees, this Court turns to the amount of a reasonable fee for this

straightforward litigation. "A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'"—often known as the "lodestar." *Wales*, 192 F. Supp. 2d at 1317 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The fee applicant bears the burden of establishing the reasonableness of both the hourly rates and the hours expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Hensley*, 461 U.S. at 437 n.12). District courts are experts on the reasonableness of an attorney's fees and have wide discretion in determining an appropriate award. *Norman*, 836 F.2d at 1303-04.

## A.

The first step in the lodestar is determining the reasonable hourly rate, which is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). In making this determination, courts may consider the evidence submitted by the parties, their own knowledge and experiences, and the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Loranger*, 10 F.3d at 781, 781 n.6.

Plaintiff seeks hourly rates of $500 or $550[1] for Brian H. Pollock (a 26-year attorney), $325 for P. Brook LaRou (an attorney with less than four years of experience), $275 for Katelyn Schickman (an attorney with less than four months of experience), and $165 for paralegal Steffany Sanguino.

Plaintiff has not carried the burden of establishing that the requested hourly rates are reasonable. *See Norman*, 836 F.2d at 1303. The relevant market for determining a reasonable hourly rate is the place where the case is filed, and a party seeking non-local rates must demonstrate that qualified local counsel were unavailable. *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The Middle District of Florida is the relevant legal community. *See Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1273 (M.D. Fla. 2015). Plaintiff provides no authority from that community, nor does he demonstrate that qualified local counsel were unavailable.

Accordingly, this Court relies on its own knowledge and experience that the requested rates exceed the prevailing market rates in this jurisdiction. Further, the *Johnson* factors[2] also support a reduction in the requested hourly

---

[1] Plaintiff's Motion (Dkt. 19) contains conflicting information regarding the fee sought for attorney Pollock.

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

rates. The claims in this case were straightforward, the legal issues were not complex, and the matter was resolved through a routine default judgment. The simplicity of the case and the limited time and labor required weigh against awarding the requested rates.

Courts in the Middle District of Florida routinely decline to award more than $425 per hour to FLSA attorneys with experience comparable to Mr. Pollock's. *See, e.g., Artis v. Platinum Wealth Venture, LLC*, No. 8:24-cv-2538-JLB-CPT, 2026 U.S. Dist. LEXIS 13812, *12-14 (M.D. Fla. Jan. 25, 2026), *adopted*, 2026 U.S. Dist. LEXIS 31159 (M.D. Fla. Feb. 17, 2026); *Dietrich v. Tri-Pillar Constrs. LLC*, No. 2:25-cv-182-JES-NPM, 2025 U.S. Dist. LEXIS 225859, *1-2 (M.D. Fla. Nov. 17, 2025). But where the FLSA litigation is straightforward and does not involve complex issues, as here, courts in this District further reduce the hourly rates of FLSA attorneys at this experience level to $350. *E.g., Zappettini v. Ocean Club Sportswear, Inc.*, No. 6:23-cv-1609-WWB-LHP, 2025 U.S. Dist. LEXIS 207982, at *3-5 (M.D. Fla. Oct. 22, 2025), *adopted in part*, 2026 U.S. Dist. LEXIS 31823 (M.D. Fla. Feb. 13, 2026); *Gomez v. Blessed Cars, LLC*, No. 6:24-cv-01093-WWB-UAM, 2025 U.S. Dist. LEXIS 77320, at *15-17 (M.D. Fla. Apr. 23, 2025), *adopted*, 2025 U.S. Dist. LEXIS

---

client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

7

149325 (M.D. Fla. Aug. 4, 2025). In light of the lack of supporting evidence to justify attorney Pollock's requested rate, the routine nature of the claims, and the prevailing rates in this district, this Court finds that a reasonable hourly rate for attorney Pollock is $350.

The requested rate of $325 for attorney LaRou is likewise unsupported. Given his limited experience, this Court finds that $250 per hour is reasonable. *See, e.g., Supple v. Royal Pets Mkt.*, No. 8:24-cv-2508-VMC-CPT, 2025 U.S. Dist. LEXIS 93511, \*9-11 (M.D. Fla. May 16, 2025); *Kanner v. Beverly*, No. 6:23-cv-1706-CEM-RMN, 2025 U.S. Dist. LEXIS 69904, \*4-7 (M.D. Fla. Apr. 11, 2025), *adopted*, 2025 U.S. Dist. LEXIS 81526 (M.D. Fla. Apr. 30, 2025); *Egan v. Affordable Mechs. of Am., Inc.*, No. 8:23-cv-178-KKM-SPF, 2024 U.S. Dist. LEXIS 5998 \*9 (M.D. Fla. Jan. 11, 2024), *adopted*, 2024 U.S. Dist. LEXIS 14284 (M.D. Fla. Jan. 26, 2024)

The requested rate of $275 for attorney Schickman is also unsupported due to her minimal experience; $200 per hour is reasonable. *See Fuentes v. Saad*, No: 6:24-cv-1693-AGM-LH, 2025 U.S. Dist. LEXIS 225489, \*14-15 (M.D. Fla. Nov. 17, 2025), *adopted*, 2025 U.S. Dist. LEXIS 265085 (M.D. Fla. Dec. 23, 2025); *TASER Int'l, Inc. v. Phazzer Elecs., Inc.*, No: 6:16-cv-366-PGB-LHP, 2025 U.S. Dist. LEXIS 121640, \*23-24 (M.D. Fla. Jun. 26, 2025), *adopted*, 2025 U.S. Dist. LEXIS 159136 (M.D. Fla. Aug. 18, 2025).

8

Finally, although paralegal Sanguino may command higher rates in the Southern District of Florida, those rates exceed what is typical in the Middle District. This Court finds that $125 per hour is reasonable. *See, e.g. Owens v. Comm'r of Soc. Sec.*, No. 3:25-cv-713-MCR, 2026 U.S. Dist. LEXIS 32849, *3 (M.D. Fla. Feb. 17, 2026); *Rodriguez v. Bisignano*, No. 8:24-cv-1714-TGW, 2026 U.S. Dist. LEXIS 33338, *2 (M.D. Fla. Feb. 14, 2026).

## B.

The second step in the lodestar analysis requires this Court to determine whether the number of hours expended was reasonable. This Court must exclude hours that are excessive, redundant, or otherwise unnecessary. *Norman*, 836 F.2d at 1302-03.

This case involved a straightforward FLSA claim for a small amount of unpaid wages. After service of the complaint, Defendant paid Plaintiff the underlying wages, and the matter proceeded to a routine default judgment on liquidated damages only. The case did not involve contested motion practice, discovery, or complex legal issues. In such circumstances, the number of hours reasonably expended should be modest.

This Court finds that several time entries reflect clerical or administrative work that is not compensable. Counsel seeks compensation for preparing summonses and notices of filing, coordinating service, and

9

corresponding with process servers and third parties regarding routine matters. These tasks do not require legal skill and are not compensable. *See, e.g., Gomez*, 2025 U.S. Dist. LEXIS 77320 at *15-17; *Shoultz v. Petrol. Tech., Inc.*, No. 6:08-cv-1564, 2009 U.S. Dist. LEXIS 133486, *2 (M.D. Fla. Mar. 13, 2009), *adopted*, 2009 U.S. Dist. LEXIS 26531 (M.D. Fla. Mar. 31, 2009), This Court also excludes time spent on matters unrelated to the litigation, including correspondence regarding internal firm staffing changes. Accordingly, this Court excludes 1.5 hours billed by paralegal Sanguino and 0.5 hours billed by attorney Pollock.

This Court also excludes the 1.1 hours billed for preparing Plaintiff's Motion for Default Judgment (Dkt. 15). That motion was untimely under Local Rule 1.10(c). Although this Court did not dismiss the action under Local Rule 1.10(d), it finds that the time spent preparing and filing the untimely motion was not reasonably expended and should not be included in the fee award.

This Court further finds that the time spent on client communications is excessive. The billing records reflect repeated follow-ups, multiple same-day communications, and efforts to develop witness information that were not necessary for a straightforward FLSA action resolved by default. *See, e.g., Tran v. Nomad Grp. LLC*, No. 8:20-cv-1945-CEH-SPF, 2022 U.S. Dist. LEXIS 210616, at *6 (M.D. Fla. Nov. 18, 2022), *adopted*, 2023 U.S. Dist. LEXIS 88249

10

(M.D. Fla. May 19, 2023). While some client communication is expected, the frequency and duration of these entries are disproportionate to the needs of the case and were not reasonably expended. Accordingly, this Court reduces the 4.5 hours in this time category by 50 percent.

Several entries reflect excessive time spent drafting routine or form filings, including notices of designation of counsel and notices of related actions. Although such tasks are compensable, they require minimal time and effort. Similarly, time billed for drafting routine correspondence, including letters enclosing filings, reflects administrative work that does not warrant compensation at the requested rates and will be excluded or reduced. This Court therefore reduces the 3.6 hours in this time category by 50 percent.

Approximately 7.6 hours[3] of the 23.6 hours initially requested by counsel—before the reductions discussed above—arise from preparing the motion for attorney's fees rather than litigating Plaintiff's claim. Those hours represent an unreasonably large share of the time billed in this straightforward case. Moreover, as discussed above, the motion largely recites boilerplate legal principles rather than providing meaningful support for the requested rates or hours. This Court further notes that counsel spent less time

---

[3] Counsel's Motion advises that attorney Schickman billed 4.3 hours (Dkt. 19, p.20), but the billing records (Dkt. 19, Ex. A) reflect 4.5 hours. This Court assumes that counsel seeks to recover 4.3 hours for attorney Schickman.

11

preparing the motion for default judgment than the motion for attorney's fees. Under these circumstances, the time devoted to the fee motion was excessive. This Court therefore limits the compensable time for preparing the fee motion to 1.0 hour.

Taken together, the billing records reflect a pattern of overstaffing, excessive client communication, and inclusion of clerical and administrative tasks. The total hours claimed are disproportionate to the simplicity of the case and the limited work required to obtain a default judgment. After carefully reviewing the billing records and applying the reductions described above, this Court finds that the following adjusted hours reflect a reasonable expenditure of time for this matter:

- Brian H. Pollock: 5.1 hours
- P. Brook LaRou: 0.6 hours
- Katelyn Schickman: 0.5 hours
- Steffany Sanguino: 3.5 hours

Accordingly, this Court finds that Plaintiff's counsel is entitled to an award of $2,472.50 in attorney's fees.

## IV.

Plaintiff seeks reimbursement for $547.63 in costs associated with this litigation. These costs arise from the filing fee, service of process, and postage.

12

Plaintiff cites no case law in support of his request. Recovery of the filing fee and service of process are authorized by 28 U.S.C. § 1920. However, the cost of postage—though minimal—is clearly not recoverable in this Circuit. *Johnston v. Borders*, 36 F.4th 1254, 1288 n.3 (11th Cir. 2022) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)) ("Some of these costs are clearly *unrecoverable*, such as postage costs.") (emphasis in original). Accordingly, this Court finds that Plaintiff's counsel is entitled to an award of $545.00 in costs.

Accordingly, it is **ORDERED**:

1. "Plaintiff's Verified Motion for an Award of Attorney's Fees and Costs" (Dkt. 19) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff is awarded $2,472.50 in attorney's fees and $545.00 in costs, for a total award of $3,017.50; and

3. The Clerk is directed to terminate all pending motions and close this file, but this Court retains jurisdiction to enforce this Order, if needed.

**DONE AND ENTERED** at Jacksonville, Florida, this 25th day of March 2026.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Brian H Pollock, Esq.
Patrick Brooks LaRou, Esq.

13