UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CARLOS TORRES MIRANDA,

                           CASE NO.: 3:25-CV-176-HES-LLL

       Plaintiff,

vs.

PROTEC POWDER COATING, L.L.C.,
AND FRANK DEJESUS, III,

       Defendants.
_____/

## PLAINTIFF'S RENEWED *EX PARTE* MOTION FOR WRITS OF EXECUTION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Carlos Torres Miranda, through his undersigned counsel and pursuant to Fed. R. Civ. P. 64, requests that the Clerk of Courts issue, or that the Court direct the Clerk of Courts to issue, Writs of Execution in the form appended hereto as Exhibits "A" and "B" on an *ex parte* basis as follows:

### INTRODUCTION

Plaintiff seeks the issuance of Writs of Execution to enforce the money judgments awarded in this case, each of which remains unsatisfied. Pursuant to Fed. R. Civ. P. 69(a) and Fla. Stat. § 77.01 *et. seq.*, a judgment creditor, such as the Plaintiff, is entitled to the issuance of a writ of execution on an *ex parte* basis to enforce payment of a money judgment.

## MOTION

1.      On August 6, 2025, this Court entered its Order awarding Plaintiff $42.50 in liquidated damages [DE 16], and then Final Judgment thereon [DE 17].

2.      This Court next entered its Order awarding $2,472.50 in attorney's fees and $545.00 in taxable costs, for a total fee and costs award of $3,017.50, on March 25, 2026 [DE 21].

3.      This Court's Orders identified above [DE 16 and 21] constitute money judgments. *National Labor Relations Board v. Tropical Wellness Center, LLC*, 2019 WL 2254921, at *4 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2255566 (S.D. Fla. Mar. 29, 2019).

4.      The awards/judgments of $42.50 and $3,017.50, which total $3,060.00, remain due, payable, outstanding, and unsatisfied.

5.      Plaintiff seeks to enforce the money judgment(s) against Defendant, ProTec Powder Coating, L.L.C., pursuant to Fed. R. Civ. P. 69(a) through Writs of Execution.

6.      The undersigned attempted to confer with the Defendant by email on May 18, 2026, enclosing the Orders (judgments) identified above and advising that, if they remained unsatisfied for 10 days, collection efforts would commence, but no response was received to date.

WHEREFORE Plaintiff, Carlos Torres Miranda, requests that the Court direct the Clerk of Courts to issue Writs of Execution against ProTec Powder Coating, L.L.C., in the forms appended hereto as Exhibits "A" and "B".

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

## <u>MEMORANDUM OF LAW</u>

The Eleventh Circuit Court of Appeals made clear that the process for enforcement of a money judgment is the issuance of a writ of execution:

> It is equally clear that when a party fails to satisfy a court-imposed money judgment **the appropriate remedy is a writ of execution**, not a finding of contempt. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983); Fed.R.Civ.P. 69(a) ("Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. [**26] "). The "otherwise" clause is read narrowly. 7 *J. Moore, Moore's Federal Practice* para. 69.02[2] at 69-10 to -10.1 (2d ed. 1985) ("[A] federal court should not . . . enforce a money judgment by contempt or methods ther [sic] than a writ of execution, except in cases where established principles so warrant."). [*Emphasis added*].

*Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). Rule 69(a) is to be considered in tandem with Fed. R. Civ. P. 34, which makes available "every remedy" provided by the law of the state where the court is located for seizing property to secure satisfaction of a judgment. Fed. R. Civ. P. 64(a). In this regard, "Florida Statute § 77.01 *et. seq.* allows recovery of a money judgment via a Writ of Garnishment." *Highland Consulting Grp., Inc. v. Soule*, 2022 U.S. Dist. LEXIS 241776, at *4 (S.D. Fla. Apr. 4, 2022).

The Orders Plaintiff seeks to enforce are money judgments subject to execution. *See Nat'l Labor Relations Bd. v. Tropical Wellness Ctr., LLC*, 2019 WL 2254921, at *4 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2255566 (S.D. Fla. Mar. 29, 2019).

On May 18, 2026, undersigned counsel attempted to confer with Defendant by email, enclosing the Orders identified above and advising that, if they remained

unsatisfied for ten days, collection efforts would commence. Nearly a month has passed without any response. Because the judgments remain unsatisfied, Plaintiff is entitled to enforce them through the issuance of Writs of Execution under Federal Rule of Civil Procedure 69(a).

Accordingly, Plaintiff respectfully requests that the Court direct the Clerk to issue Writs of Execution against Defendant, ProTec Powder Coating, L.L.C., in the forms appended hereto as Exhibits "A" and "B."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by filing in the U.S. District Court's CM/ECF System on this 17th day of June 2026, and via email and U.S. Mail on the Defendant, ProTec Powder Coating, L.L.C., at protecpowdercoating@yahoo.com   admin@protecpowdercoating.com, and 6429 Sierra Drive, Jacksonville, FL 32244 (the address where it was served with process in this action).

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*