United States District Court
Middle District of Florida
Jacksonville Division

CARLOS TORRES MIRANDA,

     Plaintiff,

v.                                           NO. 3:25-CV-176-HES-LLL

PROTEC POWDER COATING, L.L.C., ET AL.,

     Defendants.

_____

### Order

Before the Court is Plaintiff's Renewed *Ex Parte* Motion for Writs of Execution and Incorporated Memorandum of Law, doc. 25, and Plaintiff's Ex Parte Motion for Writ of Garnishment Against Garnishee and Incorporated Memorandum of Law, doc. 26. For the reasons stated below, both motions are denied without prejudice.

As an initial matter, plaintiff moves for both writs of execution, doc. 25, and writ of garnishment, doc. 26. Turning first to plaintiff's motion for writs of execution, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Plaintiff does not cite to an applicable federal statute in his motion, and the Court is aware of no such statute. Instead, plaintiff relies on Fla. Stat. § 77.01 as the basis for his request, but that statute specifically relates to writs of

garnishment, not writs of execution. As a result, the Court finds that plaintiff's motion fails to comply with Local Rule 3.01(b) which states that "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rules of the United States District Court for the Middle District of Florida.

Under Fla. Stat. § 56.09, "[o]n any judgment against a corporate judgment debtor, the judgment creditor may have an execution levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor." Pursuant to Florida law, "[f]inal process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings." Fla. R. Civ. P. 1570(a). The issuance of executions on judgments is also governed by Fla. R. Civ. P. 1550 which states as follows:

> Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney. No execution or other final process will issue until the judgment on which it is based bas been *recorded* and the time for serving a motion for new trial or rehearing has run. If a motion for new trial or rehearing is timely served, no execution or other final process will issue until it is determined. Execution or other final process may be issued on special order of the court at any time after judgment.

(emphasis added).

Here, the Clerk entered a Judgment in a Civil Case on August 6, 2025. Doc. 17. Plaintiff's motion fails because he has "not shown that the Judgment has been recorded or shown grounds for entry of a special order." *Murillo v. Maximus Pro Sols. Corp.*, No.

2

3:24-cv-111-TJC-SJH, 2025 WL 2083397, at *1 (M.D. Fla. Apr. 18, 2025)[1]; *see also*

*Cummings v. MNR Ramy, Inc.*, No. 6:19-cv-2010-RBD-GJK, 2022 WL 1224030, at *1

(M.D. Fla. Mar. 3, 2022) ("There is no indication that the judgment has been recorded.

[Plaintiff] also does not address whether the Court should issue the writ of execution

on a special order. Thus, [plaintiff] does not meet the requirements for issuance of a

writ of execution."). As a result, plaintiff's motion for writs of execution is denied

without prejudice.

As for plaintiff's motion for writ of garnishment, doc. 26, plaintiff filed his

motion under seal without leave of Court. *See* Local Rule 1.11. Plaintiff neither

references the Local Rules nor articulates a basis for filing the motion under seal

without leave of Court. Based on the above, plaintiff's motion for writ of garnishment

is denied without prejudice.

It is **ordered**:

1. Plaintiff's Renewed *Ex Parte* Motion for Writs of Execution and
   Incorporated Memorandum of Law, doc. 25, and Plaintiff's Ex Parte
   Motion for Writ of Garnishment Against Garnishee and Incorporated
   Memorandum of Law, doc. 26, are **denied without prejudice**.

---

[1] The Court notes that although decisions of district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

2. Any renewed motions, if filed, shall address the deficiencies identified above.

**Ordered** in Jacksonville, Florida, on July 1, 2026.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Brian H. Pollock, Esquire
Patrick Brooks LaRou, Esquire